**NATIONAL MEDIC SERVICES CORPORATION et al., Appellants,**

**v.**

**E.W. SCRIPPS COMPANY et al., Appellees.**

[Cite as *Natl. Medic Serv. Corp. v. E.W. Scripps Co.* (1989), 61 Ohio App.3d 752.]

Court of Appeals of Ohio,
Hamilton County.

No. C–880143.

Decided April 12, 1989.

*Harold Wagner*, for appellants.

*Glen V. Whitaker* and *Leonard H. Freiman*, for appellees.

*Per Curiam.*

The present matter evolves from the tragic loss of eleven lives in the stampede of Riverfront Coliseum patrons attempting to enter the building for The Who concert on December 9, 1979. The nature of the action herein is defamation. Plaintiffs-appellants National Medic Services Corporation ("NMSC") and Victor G. Ninio ("Ninio"), its owner, claim that three articles written and published by defendants-appellees in The Cincinnati Post ("Post") were libelous and resulted in injury to Ninio's personal reputation, loss of work to NMSC, and the eventual demise of the business. The articles were entitled, "Ambulance at Who concert ill-equipped," and "Ambulance owner has license trouble," published on April 3, 1980, and "City review of ambulance regulations suggested," published on May 9, 1980. The articles in

question were authored by two Post reporters and covered the conditions and circumstances surrounding the ambulance services and personnel provided by NMSC at Riverfront Coliseum on the night of the concert.

In their complaint, filed in June 1980, appellants alleged that the reports, which concerned the availability of oxygen on an ambulance, Ninio's use of marijuana on the night of the concert, Ninio's driving violations and driver's license suspension, and NMSC's possession of equipment belonging to the Cincinnati Fire Department, were false. They asserted that the articles were published with actual malice and with reckless disregard for the truth, that they were libelous per se, and that, as a consequence of these reports, appellants' reputations were damaged, resulting in the cancellation of contracts and insurance coverage and the loss of income. Appellants thereupon sought to recover both compensatory and punitive damages.

On February 12, 1982, appellees moved for summary judgment on the complaint. The trial court denied the motion on March 28, 1983, and permitted the completion of four more years of extensive discovery. On June 15, 1987, appellees again filed a motion for summary judgment, and on August 4, 1987, appellants moved for partial summary judgment on the issue of liability. On February 5, 1988, the trial court entered judgment denying appellants' motion for partial summary judgment and granting summary judgment for appellees. This timely appeal followed, and after thorough review of a lengthy record, we stand in agreement with the actions of the trial court.

Appellants present four assignments of error in this matter:

"1. The trial court erred to the prejudice of the plaintiff-appellant by granting a summary judgment pursuant to Ohio Rules of Civil Procedure when there are material facts at issue and that this matter should have been tried, therefore, by trial before a jury pursuant to the verified complaint as filed in its original text.

"2. The court erred pursuant to the material facts at issue by rendering its opinion based upon defendant's [sic] brief, which, as in the first instance of defendants [sic] attempted 1983 opinion rendered by the court, were citations without substance and are again without substance in their subsequent brief to the issue at hand.

"3. The court erred in its reliance on the case law and issuing its ruling in granting judgment for the plaintiff having misplaced the law that governs and controls the case in chief.

"4. The court erred in not granting the plaintiff a partial motion for summary judgment or in the alternative allowing this cause of action to proceed to jury."

Because our analysis of the current law of defamation, in the light of the standards governing a Civ.R. 56(C) motion, is dispositive of all of the issues presented in appellants' assignments of error, we address all four assignments of error together.

■ Ohio law defines libel as "a false and malicious publication made with the intent to injure a person's reputation or expose him to public hatred, contempt, ridicule, shame or disgrace, or to affect him adversely in his trade or profession." *Thomas H. Maloney & Sons, Inc. v. E.W. Scripps Co.* (1974), 43 Ohio App.2d 105, 107, 72 O.O.2d 313, 314–315, 334 N.E.2d 494, 497, certiorari denied (1975), 423 U.S. 883, 96 S.Ct. 151, 46 L.Ed.2d 111. To survive a motion for summary judgment in a libel action, the plaintiff must make a sufficient showing of the existence of every element essential to its case. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265. The essential elements in a libel action are falsity, defamation, publication, injury and fault. See *Philadelphia Newspapers, Inc. v. Hepps* (1986), 475 U.S. 767, 106 S.Ct. 1558, 89 L.Ed.2d 783; *Gertz v. Robert Welch, Inc.* (1974), 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789; *Maloney, supra.*

■ The evidence submitted discloses that NMSC's ambulance was not equipped to provide oxygen to a critically injured concertgoer, that city of Cincinnati fire officials recovered their missing equipment from NMSC headquarters and that Ninio had a blemished driving record, including at least nine motor vehicle violations and a license suspension until March 14, 1981. In addition, Ninio did not meet his burden of producing affirmative evidence to counter the allegations of his employees that before going to the concert he smoked what he told his employees was marijuana.

■ As we noted *supra*, falsity is an essential element to a libel action; therefore, a true statement cannot provide the basis for such an action. *Driscoll v. Block* (1965), 3 Ohio App.2d 351, 32 O.O.2d 506, 210 N.E.2d 899. As Professor Prosser stated: "It is sufficient [in defending against a defamation action] to show that the imputation is substantially true, or as it is often put, to justify the 'gist,' the 'sting,' or the substantial truth of the defamation." Prosser, Law of Torts (4 Ed.1971) 798–799; *accord Cooper School of Art v. Plain Dealer Publishing Co.* (May 8, 1986), Cuyahoga App. No. 50569, unreported, 1986 WL 5294. Thus, appellants' assertion that the challenged statements were defamatory fails when they failed to establish a prima facie case on the element of falsity, *i.e.*, when the record reveals that the published reports were fairly accurate or substantially true.

Thus it results that no further analysis of the essential elements of defamation is necessary, nor are we required to engage in any discussion of

appellants' public-versus-private posture, because appellants have failed to make a showing sufficient to establish the existence of the essential element of falsity. *Celotex, supra.* Further, our determination that the trial court properly granted summary judgment for appellees obviates appellants' challenge to the denial of their motion for partial summary judgment on the issue of liability. Therefore, we overrule appellant's four assignments of error and affirm the judgment of the trial court.

*Judgment affirmed.*

SHANNON, P.J., DOAN and KLUSMEIER, JJ., concur.