**BRUSS, Appellant,**

v.

**VINDICATOR PRINTING COMPANY et al., Appellees.**

[Cite as *Bruss v. Vindicator Printing Co.* (1996), 109 Ohio App.3d 396.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 94 C.A. 190

Decided Feb. 15, 1996.

*Timothy E. Franken,* for appellant.

*Baker & Hostetler* and *David L. Marburger*, for appellees.

GENE DONOFRIO, Judge.

Plaintiff-appellant, Sue Ellen Bruss, appeals from an order of the Mahoning County Common Pleas Court granting summary judgment in favor of defendants-appellees, the Vindicator Printing Company and Patricia Meade.

Appellant was a dancer at an establishment called the Doll House, a juice bar located in Campbell, Ohio, from October 1992 until February 1993.

On February 9, 1993, the Doll House, appellant, and dancers Pamela Holmes and Melissa Neal filed a lawsuit seeking to enjoin a local television broadcast of videotape surreptitiously taken at the Doll House. The request for injunctive relief was denied by the Mahoning County Common Pleas Court.

On February 10, 1993, two auxiliary officers from the Campbell Police Department posed as patrons and visited the Doll House. As a result of this visit, the Campbell police arrested Melissa Neal for prostitution. Arrest warrants were also issued for other dancers, who were designated as Jane Does. It was later determined that appellant was not one of the Jane Does, as she was not working at the Doll House on February 10.

On February 16, 1993, the Mahoning County Prosecuting Attorney filed a nuisance complaint against the Doll House and certain employees, including appellant. The complaint alleged that the Doll House constituted a nuisance in that certain employees engaged in nude dancing for the purposes of "lewdness, assignation or prostitution." A hearing was held on the prosecutor's complaint. On February 25, 1993, the Mahoning County Common Pleas Court entered an order adjudging the premises to be a nuisance and ordered the nuisance to be abated and permanently enjoined.

On February 25, 1993, appellee Meade wrote an article for appellee Vindicator about the closing of the Doll House. The article appeared in the February 25, 1993 edition of The Vindicator.

After the article was published, appellant filed a complaint for libel against appellees, alleging that the article written by Meade and published by The Vindicator falsely stated that appellant had been charged with prostitution but not arrested.

Upon motion by appellees, the trial court granted summary judgment in their favor. In its judgment entry, the trial court found that the article did not state that appellant had been charged with prostitution. Further, the trial court found that the reference to appellant in the article referred to the charges or allegations contained in the complaint to abate the nuisance, not to the criminal charges

against Melissa Neal. Finally, the trial court found that although the phrasing of the article may be susceptible of more than one interpretation, the innocent-construction rule announced in *Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369, 6 OBR 421, 453 N.E.2d 666, must be applied. Adopting the innocent meaning, the trial court found that no libel had occurred and that summary judgment in favor of appellees was appropriate. This appeal follows.

Appellant's sole assignment of error is:

"The trial court erred in applying the 'innocent construction' rule to the article in this case."

The portion of the article which appellant claims was libelous reads as follows:

"Also charged but not arrested were dancers Pamela Holmes and Sue Ellen Bruss, also named as defendants in today's complaint."

Appellant argues that when these words are taken in light of the whole article, they state that appellant was charged with criminal conduct, prostitution, which was not true.

Appellant cites the deposition testimony of appellee Meade to the effect that Meade intended to convey the message that appellant had been charged with criminal conduct but not arrested. Further, appellant notes that a nuisance complaint is a civil action and that people are not arrested on civil complaints. Appellant argues that since appellees did not intend to convey the message that the statement concerning appellant applied to the nuisance action, the trial court erred in making a finding that the subject message had two meanings and in applying the innocent construction rule.

■■■ Ohio law defines libel as " 'a false and malicious publication made with the intent to injure a person's reputation or expose him to public hatred, contempt, ridicule, shame or disgrace, or to affect him adversely in his trade or profession.' " *Natl. Medic Serv. Corp. v. E.W. Scripps Co.* (1989), 61 Ohio App.3d 752, 755, 573 N.E.2d 1148, 1149, quoting *Thomas H. Maloney & Sons, Inc. v. E.W. Scripps Co.* (1974), 43 Ohio App.2d 105, 107, 72 O.O.2d 313, 314–315, 334 N.E.2d 494, 497. In order to establish a claim of defamation, a plaintiff must show that (1) a false statement of fact was made concerning him or her; (2) the statement was defamatory; (3) the statement was written; (4) the statement was published; and (5) in publishing the statement, the defendant acted with the requisite degree of fault. See *Hersch v. E.W. Scripps Co.* (1981), 3 Ohio App.3d 367, 374, 3 OBR 430, 438, 445 N.E.2d 670, 678.

■■ To survive a motion for summary judgment in a libel action, the plaintiff must make a sufficient showing of the existence of every element essential to his

or her case. See *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 322–323, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265, 273–274.

As noted above, material falsity is an essential element of a libel claim. See *New York Times Co. v. Sullivan* (1964), 376 U.S. 254, 278–280, 84 S.Ct. 710, 725–726, 11 L.Ed.2d 686, 705–707; *Gertz v. Robert Welch, Inc.* (1974), 418 U.S. 323, 340–341, 94 S.Ct. 2997, 3007–3008, 41 L.Ed.2d 789, 805–806. In *Natl. Medic Serv. Corp. v. E.W. Scripps Co., supra*, the court, in construing falsity as an element in a libel action, noted that Professor Prosser has stated:

" 'It is sufficient [in defending against a defamation action] to show that the imputation is substantially true, or as it is often put, to justify the "gist," the "sting," or the substantial truth of the defamation.' " *Natl. Medic Serv. Corp., supra*, at 755, 573 N.E.2d at 1150, quoting Prosser, Law of Torts (4 Ed.1971), 798–799.

Based upon the record before us, we cannot find that the trial court erred in granting summary judgment to appellees. We note that in his civil nuisance complaint, the county prosecutor had averred that the dancers had engaged in "lewdness, assignation or prostitution." The common pleas court had, in the civil action, stated that the activity conducted at the Doll House conformed to the definition of a "nuisance" found in R.C. 3767.01.

In addition, we note that the article did not state that appellant was "charged with prostitution." As appellees correctly argue, the meaning of the term "charged" is not restricted to formal criminal charges but may also mean "accused."

The Ohio Supreme Court has held that it is for the court to decide as a matter of law whether certain statements alleged to be defamatory are actionable or not. *Yeager, supra*, 6 Ohio St.3d at 372, 6 OBR at 423, 453 N.E.2d at 669, citing *Bigelow v. Brumley* (1941), 138 Ohio St. 574, 21 O.O. 471, 37 N.E.2d 584. The action of the prosecutor in making the accusations contained in the civil nuisance complaint justified the use of the word "charged."

Appellant's sole assignment of error is without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed*

O'NEILL, P.J., and COX, J., concur.