UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JAMES F. OUTLAW,
<u>Plaintiff-Appellant,</u>

v.                                                                  No. 96-1960

STANDARD PRODUCTS COMPANY,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CA-95-1787)

Submitted: August 5, 1997

Decided: September 17, 1997

Before HALL, WILKINS, and NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Andrew Williams, Greenville, South Carolina, for Appellant. Louis
A. Colombo, Michael K. Farrell, BAKER & HOSTETLER, Cleve-
land, Ohio, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Outlaw appeals from the district court's order and order on reconsideration granting summary judgment to Standard Products Company ("Standard"), Outlaw's former employer, in this action alleging that Standard defamed Outlaw by allegedly making false statements to two industry trade journals and a Cleveland, Ohio, daily newspaper, about the circumstances surrounding Outlaw's termination. Outlaw was one of seventeen managers terminated by Standard after Corporate executives determined that the plant was being managed poorly. The two trade journals published very similar articles, and reported that a Standard "spokesman" said that "cost control, pricing and management issues were at the core of the problems at the Spartanburg plant." The daily paper reported the same problems at the plant but did not attribute any statements to a company spokesperson. All three articles reported that Ted Zampetis, the president of Standard, stated that the managers at the plant did not appreciate the gravity of the problems at the plant. The two trade journals quoted Zampetis as saying that "management there didn't seem to realize how serious the problem was," while the daily paper quoted him as saying that "[s]ome people just had their heads in the clouds."

Outlaw alleges that these statements are the "heart" of his defamation claim. The district court granted Standard summary judgment, and subsequently denied reconsideration, on the grounds that no publication occurred, that the allegedly defamatory statements were not "of and concerning the plaintiff," and that the statements were either substantially true or nonprovable opinions. The district court's opinion relies in part on state law, and in part on First Amendment law, to support its holdings. The extent, however, to which First Amendment protections usurp state standards in defamation cases depends on factors such as whether the plaintiff is a private individual or a public official, whether the defendant is a media entity, and whether the statements at issue are of public or private concern. See Chapin v. Knight-Ridder, Inc., 993 F.2d 1087, 1091-92 (4th Cir. 1993); Faltas, MD, MPH v. State Newspaper, 928 F. Supp. 637, 644 (D.S.C. 1996). The district court did not discuss these factors. We, however, will generally decline to consider constitutional issues in a defamation

2

case where it can be disposed of under state defamation law. See Lapkoff v. Wilks, 969 F.2d 78, 81 (4th Cir. 1992). Because we find that this case can be decided under state defamation law, we decline to determine the extent, if any, to which First Amendment protections insulate Standard from liability in this case.

While the parties disagree over whether Ohio or South Carolina law applies to this case, the dispute is inconsequential because both states require, among other things, publication, falsity, and that the defamation be about the plaintiff. See Parker v. Evening Post Publishing Co., 452 S.E.2d 640, 644 (S.C. Ct. App. 1994); National Media Serv. Corp. v. E.W. Scripps Co., 573 N.E.2d 1148, 1149 (Ohio App. 1989). To survive Standard's summary judgment motion, Outlaw had to produce evidence of specific facts establishing each of these essential elements. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is appropriate unless the evidence favoring the non-moving party is sufficient for a jury to return a verdict for that party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

In this case, we find that there is no genuine issue for trial concerning the falsity of the statements asserted in the articles. Outlaw does not deny that the problems mentioned in the articles existed at the plant. Instead, he asserts that these problems could not have been his fault because they existed before he arrived at the plant. He therefore reasons that the articles are false because they inaccurately imply that he, as a member of "management," was at least partly responsible for these problems. We disagree.

The information contained in the articles does not logically support the inference that Outlaw was guilty of mismanagement at the plant, or personally responsible for any of the problems there. The articles merely state that there were problems at the plant attributable to mismanagement, an assertion which Outlaw does not dispute is true. A reasonable person could only conclude that Outlaw bore personal responsibility for problems at the plant based on information extrinsic to the articles, such as the fact that Outlaw was a manager at the plant, and that he was terminated from his position. The articles therefore neither state nor imply any falsity.

We also agree with the district court that the articles do not refer to Outlaw specifically. Construing the reference requirement in the

3

context of Maryland law, we have held that the publication at issue "must contain some `special application of the defamatory matter' to the individual." Aids Counseling & Testing Ctrs. v. Group W Television, Inc., 903 F.2d 1000, 1005 (4th Cir. 1990) (quoting Arcand v. Evening Call Pub. Co., 567 F.2d 1163, 1164 (1st Cir. 1977)). We concluded that reference to a group does not implicate the individual members of the group. Id. As the district court noted, in this case none of the articles mentions Outlaw or any other employee by name or title. The reference to "management" refers to a group, and therefore does not implicate Outlaw.

Accordingly, we conclude that under either Ohio or South Carolina law, there is insufficient evidence to create a genuine issue for trial as to whether the statements at issue were false or concerned the Plaintiff. Because Outlaw's inability to establish these essential elements of his action is dispositive, we need not address the parties' remaining contentions. We therefore affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
AFFIRMED

4