JOURNAL ENTRY AND OPINION
James Kassouf appeals from an order of the common pleas court granting summary judgment in favor of Cleveland Mayor Michael White in connection with Kassouf's claim for defamation arising from comments made by the Mayor while running for re-election during a live radio-broadcast debate when he referred to a twenty-four count indictment for tax evasion pending against Kassouf and challenged his opponent to tell the public that, "he's almost a felon"; and in a separate incident when during a news conference, later televised, the Mayor referred to Kassouf's proposed Microtel Hotel in the Davenport Bluffs Development in the downtown Cleveland area by saying, "* * * This door will not be open for a $39.95 flophouse that is not going to speak to the long-run interest and improvement of this community."
Kassouf claims the court erred in granting summary judgment and in considering hearsay evidence in rendering its decision. We reject these contentions and affirm the judgment of the court.
The record reveals that during a September 10, 1997, news conference when the Mayor and City Planning Director Hunter Morrison described the city's plans for development of the Davenport Bluffs area, Mayor White referred to Kassouf's proposed development of a Microtel Hotel in the Davenport Bluffs area of Cleveland as a "$39.95 flophouse". Subsequently on October 30, 1997, during a mayoral debate with his opponent, council person Helen Smith, which had been aired on WTAM Radio 1100, Mayor White noted that Kassouf had a "24 count indictment for tax evasion" against him and characterized him as "almost a felon".
On November 3, 1997, Kassouf filed a complaint against Mayor White for defamation, libel, and slander in connection with these remarks alleging that he made them with an intent to prevent Kassouf from developing Davenport Bluffs. Thereafter on April 3, 1998, in response to the lawsuit, the Mayor filed a motion for summary judgment and attached an affidavit from Jeffrey Dunlap who stated that he had retrieved materials from the Internet regarding Microtel Hotels containing pricing information for Microtel's various Ohio locations and that the room rates ranged from $35.00 to $119.00 per night. The court granted Mayor White's motion, and Kassouf now appeals from that decision raising two assignments of error for our review.
 I.
THE TRIAL COURT ERRED IN RULING THAT PLAINTIFF HAD NOT BEEN SLANDERED PLAINTIFF [SIC].
Kassouf urges the court erroneously granted Mayor White's motion for summary judgment because those comments regarding Kassouf constituted defamation. White maintains the court properly granted his motion for summary judgment because he did not defame Kassouf. The substantive issue presented for our consideration concerns whether the Mayor's comments constitute defamation of Kassouf.
We begin by noting Civ.R. 56(C) concerns summary judgment and provides in part:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Civ.R. 56(E) provides in relevant part:
 * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
In reviewing a motion for summary judgment, the court must construe the evidence and all reasonable inferences drawn therefrom in a light most favorable to the party opposing the motion. Morrisv. Ohio Cas. Ins. Co. (1988), 35 Ohio St.3d 45; Harless v. WillisDay Warehousing (1978), 54 Ohio St.2d 64.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the court stated at 293:
 * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. * * * If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden * * * to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
From a substantive standpoint, we recognize that in order to establish a case of defamation,
 * * * the plaintiff must show (1) that a false statement of fact was made, (2) that the statement was defamatory, (3) that the statement was published, (4) that the plaintiff suffered injury as a proximate result of the publication, and (5) that the defendant acted with the required degree of fault in publishing the statement. (Citations omitted.)
See, Pollock v. Rashid (1996), 117 Ohio App.3d 361.
The court in Scott v. News-Herald (1986), 25 Ohio St.3d 243, believing that expressions of opinion are generally protected under Section 11, Article I of the Ohio Constitution as a valid exercise of freedom of the press, articulated the distinction between fact and opinion:
 Consideration of the totality of circumstances to ascertain whether a statement is opinion or fact involves at least four factors. First is the specific language used, second is whether the statement is verifiable, third is the general context of the statement and fourth is the broader context in which the statement appeared.
See, also, Vail v. The Plain Dealer Publishing Company (1995),72 Ohio St.3d 279.
Initially, here, we consider the Mayor's "$39.95 flophouse" characterization of the development proposal. At the outset, we recognize that this description pertains to Microtel Hotel, not a party to this action. It is not directed at Kassouf, personally. Kassouf cannot prevail on this claim regarding this statement because, he has no standing to do so since it had not been directed against him. Second, Kassouf has not demonstrated that he suffered any injury as a proximate result of the Mayor's characterization of the Microtel project as a "flophouse". Finally, considering the totality of the circumstances surrounding the Mayor's comment, the general and broad context in which it had been issued suggests, that it is nothing more than the Mayor's opinion of the development, and constitutes rhetorical hyperbole. See, GreenbeltCooperative Publishing Assn. v. Bresler (1970), 398 U.S. 6, where the court rejected a libel claim filed by a real estate developer who had been negotiating with a local city council regarding a zoning variance and the newspaper had reported the negotiations as "blackmail". The court in that case characterized the use of the term "blackmail" as rhetorical hyperbole. Hence, because this comment is not directed toward Kassouf, because Kassouf has not established that he suffered any injury as a proximate result of it, and because it constituted the Mayor's opinion of the development, the trial court did not err in granting summary judgment to Mayor White.
Next, we turn to Mayor White's comment, allegedly referring to Kassouf as "almost a felon". Ordinarily, imputation of criminal behavior to another could lead to a cause of action for defamation.See Natl. Medic Serv. Corp. v. E.W. Scripps Co. (1989), 61 Ohio App.3d 752. Here, however, the Mayor challenged his mayoral opponent to tell the public, he's "almost a felon". This state of being, "almost a felon," does not exist, because in law, persons are either guilty or not guilty; hence, no meaning can be gleaned from this statement. Kassouf's burden remains to establish that a false statement had been made, that it constituted defamation, and that its publication proximately cause injury. Our review of the record here fails to demonstrate that Kassouf has evidenced that a false statement had been made or that any defamatory injury proximately resulted from this characterization by Mayor White. A defamatory statement is one which exposes an individual to public hatred, contempt, ridicule, shame, or disgrace or affects him in his business. See, Matotka v. Lagemann (1985),21 Ohio App.3d 134. Rather, in accord with Scott, we are persuaded that the Mayor's statement by itself cannot form the basis of an action for defamation. Accordingly, Kassouf has failed to establish aprima facie case of defamation in connection with either of these statements of Mayor White. Therefore, we have concluded the trial court correctly granted summary judgment in this case, and we reject this assignment of error.
 II.
THE COURT ERRONEOUSLY CONSIDERED HEARSAY MATERIALS IN CONCLUDING THAT DEFENDANT'S "FLOP HOUSE" REMARK WAS TRUE.
Kassouf argues that the court erroneously considered hearsay from the Internet regarding the price of the hotel rooms when his franchise agreement with Microtel puts him in control of pricing. Mayor White maintains the court properly considered the information obtained from Microtel's web page on the Internet because the materials are supported by Dunlap's affidavit. The issue here concerns whether the court erroneously considered impermissible information when granting Mayor White's motion for summary judgment.
We begin by noting Evid. R. 901 states:
(A) General provision
 The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
In this case, Mayor White's motion for summary judgment included Dunlap's affidavit attesting that he retrieved the information about Microtel Hotels from its web page on the Internet. The document contains pricing information for Microtel's various Ohio locations and stated that the room rates ranged from $35.00 to $119.00 per night. The court did not err when it considered the affidavit in deciding the motion for summary judgment. Accordingly, this assignment of error is not well taken.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JUDGMENT: AFFIRMED.
DIANE KARPINSKI, J., and TIMOTHY E. McMONAGLE, J., CONCUR.
___________________________________ PRESIDING JUDGE TERRENCE O'DONNELL