Lisa **BUKOWSKI**, Plaintiff,

v.

Leslie R. **HALL**, Defendant.

No. 5:01–CV–1933.

United States District Court,
N.D. Ohio,
Eastern Division.

Sept. 28, 2001.

Joseph M. Blazosek, West Pittston, PA, for Lisa Bukowski, an incapacitated person, by and through her parents and legal guardians, Stanley Bukowski, Robyn Bukowski, Plaintiffs.

Leslie R. Hall, Marion Correctional Institution, Marion, for Leslie R. Hall, Defendants.

## OPINION AND ORDER

GWIN, District Judge.

On February 21, 2001, Plaintiff Lisa Bukowski filed a motion seeking dismissal for failure to state a claim. Alternatively, she asks the Court for judgment on the pleadings, or summary judgment on Defendant Leslie Hall's counterclaim. [Doc. 21] Plaintiff Bukowski also moved for summary judgment on the claim set forth in her complaint. Plaintiff Bukowski is an incapacitated adult and brings these motions by and through her parents and legal guardians, Stanley and Robyn Bukowski.

### I. Description of Arguments

Plaintiff Lisa Bukowski filed a claim seeking compensatory and punitive damages for harm resulting from Defendant Hall's actions. [Doc. 1] Defendant Hall was charged with and convicted of kidnaping and raping Plaintiff Bukowski. The plaintiff alleges damages arising from these criminal actions.

Defendant Hall filed a counterclaim seeking damages for false accusations that he says the plaintiffs made and that caused injury to his character. [Doc. 9] Defendant Hall says these false accusations were made on May 11, 1999, and throughout the criminal trial in Summit County Court of Common Pleas. The defendant says these false statements resulted in his arrest and conviction. Plaintiff Bukowski moves for disposition of Defendant Hall's counterclaim under three provisions of the Federal Rules of Civil Procedure. The plaintiff seeks either dismissal of the defendant's counterclaim for failure to state a claim under Rule 12(b)(6), judgment on the pleadings under Rule 12(c), or summary judgment under Rule 56. The plaintiff also moves for summary judgment on the

claim set forth in her complaint.[1]

## II. Factual Background

Defendant Leslie Hall and Plaintiff Lisa Bukowskimet in an America Online, Inc. ("AOL") chatroom for persons with disabilities. Plaintiff Bukowski is an incapacitated adult with an academic level of approximately third or fourth grade. After about two months of "chatting," Defendant Hall arranged for the plaintiff to leave her Avoca, Pennsylvania home and come to his house in Akron, Ohio.

On May 8, 1999, the plaintiff arrived at the defendant's home. Once there, the defendant engaged in numerous sexual assaults on the plaintiff, for which he was later convicted. On May 11, 1999, the Avoca Police Department obtained the defendant's name and address from AOL, and with this information the Avoca police contacted the Akron Police Department. Akron police officers arrived at the defendant's house and took the plaintiff back to the police station. The Akron police later returned the plaintiff to the defendant's house on May 11. Later that same day, the defendant was arrested and charged with one count of kidnaping and ten counts of rape. The defendant was convicted on all counts and is now incarcerated at the Marion Correctional Institution.

## III. Standard and Analysis

Plaintiff Bukowski moves for dismissal for failure to state a claim, judgment on the pleadings, or summary judgment as to Defendant Hall's counterclaim. The plaintiff also moves for summary judgment as to the claim set forth in her complaint. As noted above, the Court analyzes Plaintiff Bukowski's motions under only the summary judgment standard.[2]

### A. *Summary Judgment Standard*

Summary judgment is appropriate when the evidence submitted shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the nonmoving party's case. *See Waters v. City of Morristown*, 242 F.3d 353, 358 (6th Cir.2001). A fact is material if its resolution will affect the outcome of the lawsuit. *See Daughenbaugh v. City of Tiffin*, 150 F.3d 594, 597 (6th Cir.1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

Once the moving party satisfies its burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue. *See Matsushita Elec. Indus.*

---

**1.** "The standard forreview for entry of judgment on the pleadings under Rule 12(c) is indistinguishable from the standard of review for dismissals for failure to state a claim under Rule 12(b)(6); the difference between the two rules is simply the timing of the motion to dismiss." *Jackson v. Heh*, 2000 WL 761807, *3 (6th Cir. June 2, 2000). The Court notes that because the standard under both rules is the same, and it is a liberal pleading standard that is often liberalized further for pro se litigants, Defendant Hall's counterclaim would likely survive a challenge under either Rule 12(b)(6) or Rule 12(c). *See Bailey v. Columbus Bar Ass'n*, 2001 WL 506522, *2 (S.D.Ohio April 11, 2001) (noting that in addition to the already "liberal pleading stan-

dards" of Rule 12(b)(6), "pro se litigants are held 'to less stringent standards than formal pleadings drafted by lawyers.' ") (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). However, because the Court finds that the defendant's counterclaim does not survive the plaintiff's summary judgment motion, the Court declines to decide whether it withstands challenge under either Rule 12(b)(6) or Rule 12(c). Accordingly, the Court analyzes the plaintiff's motions under the summary judgment standard.

**2.** *See supra* note 1.

*v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). It is not sufficient for the nonmoving party merely to show that there is some existence of doubt as to the material facts. *See id.*

In deciding a motion for summary judgment, the Court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party. *See Nat'l Enters., Inc. v. Smith,* 114 F.3d 561, 563 (6th Cir.1997). Ultimately the Court must decide "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Terry Barr Sales Agency, Inc. v. All–Lock Co.,* 96 F.3d 174, 178 (6th Cir.1996) (internal quotations marks omitted).

### B. *Analysis*

#### 1. *Defendant Hall's Counterclaim*

Defendant Hall makes a counterclaim for false accusations made by the plaintiffs. Defendant Hall says these accusations caused injury to his character. The defendant says that the plaintiffs made accusations alleging criminal behavior on his part, and these false statements led to his arrest and conviction for the kidnaping and rape of Plaintiff Lisa Bukowski.

Plaintiff Bukowski moves for summary judgment on the defendant's counterclaim. The defendant does not oppose the plaintiff's motion. If the nonmoving party does not "set forth facts showing that there is a genuine issue for trial, .... summary judgment, if appropriate, will be entered against the adverse party." Fed.R.Civ.P. 56(e).

Summary judgment is appropriate here, because regardless of how the Court characterizes the defendant's counterclaim, it fails as a matter of law. Defendant Hall counterclaims for damages coming from the false accusations he says the plaintiffs made. The defendant does not explicitly identify the cause of action upon which he seeks relief. Based upon the wording of the defendant's counterclaim and the nature of injury he alleges, it appears that his action sounds in tort for either malicious prosecution or defamation. In either cause of action, however, the defendant fails to satisfy the necessary elements as a matter of law.

■ The elements of malicious prosecution under Ohio law are: (1) the malicious institution of an earlier proceeding, (2) the lack of probable cause for the earlier proceeding, (3) the termination of the prior lawsuit in favor of the claimant, (4) seizure of the claimant or his property at some time during the earlier suit, and (5) injury or damages suffered as a result. *See Washington v. City of Cleveland,* 948 F.Supp. 1301, 1306 (N.D.Ohio 1996); *Starinki v. Pace,* 81 Ohio App.3d 113, 610 N.E.2d 494 (1991).

■ Defendant Hall must prove all of the elements to sustain a cause of action for malicious prosecution. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Defendant Hall cannot prove the third element of the malicious prosecution claim because he was convicted on the charges brought against him in the earlier suit. Because all elements must be present in a malicious prosecution claim, and without proof of a reversal of his earlier conviction Defendant Hall cannot prove all of the elements, this claim fails as a matter of law.

■ The defendant's counterclaim fares no better as a claim of defamation. Assuming arguendo that the defendant satisfies all of the elements of a defamation claim, his claim nevertheless fails because truth is a complete defense to defamation.[3] *See Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 312 (6th Cir.2000) ("In a defamation action, falsity is an essential element." (citing *Bruss v. Vindicator Printing Co.*, 109 Ohio App.3d 396, 672 N.E.2d 238, 240 (1996))).

■ In an action for defamation, "truth is a complete defense even if the words could be construed as defamatory." *Kilroy v. Lebanon Correctional Inst.*, 61 Ohio Misc.2d 156, 161, 575 N.E.2d 903, 906 (1991); Ohio Rev.Code § 2739.02 (1994) ("In an action for a libel or a slander, . . . . [p]roof of the truth thereof shall be a complete defense."). For a statement to qualify as true, a party need only show that the challenged statement is "substantially true ." *See Parry*, 236 F.3d at 312 ("[I]n defending against a defamation action, it is sufficient . . . to show that the imputation is substantially true . . . ." (internal quotation marks and citations omitted)). Here, the fact that the defendant was convicted of the crimes that were the subject of the plaintiffs' accusations shows the substantial truth of the plaintiffs' statements. The Court finds that without evidence of a reversal of the defendant's earlier conviction, no reasonable jury could conclude that the plaintiffs' statements were false.

■ Under either malicious prosecution or defamation, the defendant's counterclaim fails. To be successful on either claim, the defendant must show a reversal of his prior criminal conviction. However, the *Rooker–Feldman* doctrine precludes a federal action if the relief requested in the federal action would effectively reverse the state court's decision or void its ruling. *See Whiteford v. Reed*, 155 F.3d 671, 674 (3d Cir.1998); *Gottfried v. Medical Planning Servs., Inc.*, 142 F.3d 326, 330 (6th Cir.1998). Because granting relief on the defendant's counterclaim would effectively require this Court to void his state court criminal conviction, the defendant's counterclaim fails as a matter of law. Accordingly, the Court grants Plaintiff Bukowski's summary judgment motion as to Defendant Hall's counterclaim.

### 2. *Plaintiff Bukowski's Claim*

Plaintiff Lisa Bukowski moves for summary judgment on her claim for damages that resulted from Defendant Hall's criminal actions. The plaintiff bases her summary judgment motion entirely on the ar-

---

3. Defamation is a "false publication that injures a person's reputation, exposes him to public hatred, contempt, ridicule, shame or disgrace, or affects him adversely in his trade or business." *Sweitzer v. Outlet Communications, Inc.*, 133 Ohio App.3d 102, 108, 726 N.E.2d 1084, 1088 (1999). To prove a defamation claim, Defendant Hall would have to show: "that the [plaintiffs] made a false statement, that the false statement was defamatory, that the false defamatory statement was published, that [he] was injured, and that the [plaintiff] acted with the required degree of fault." *Id.*

To show that the plaintiffs acted with the required degree of fault, Defendant Hall would have to prove that the plaintiffs acted with malice. *See, e.g., Key v. Ohio Dep't of Rehab. & Corr.*, 62 Ohio Misc.2d 242, 598 N.E.2d 207 (1990). The Court will imply malice when statements constitute defamation per se. *See Washington v. City of Cleveland*, 948 F.Supp. 1301, 1307 (N.D.Ohio 1996) ("Statements which import an indictable criminal offense involving moral turpitude or infamous punishment . . . are slanderous per se."). The Court does not decide whether Defendant Hall satisfies these elements, because regardless of whether the defendant meets the requirements for a defamation action, the plaintiffs have a complete defense.

gument that evidence of the defendant's criminal conviction entitles her to judgment as a matter of law. Defendant Hall does not oppose the summary judgment motion. "If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed.R.Civ.P. 56(e).

 Here, summary judgment is not appropriate. The plaintiff relies completely on the collateral estoppel and res judicata effect of the defendant's previous criminal conviction to say that there are no factual issues in dispute in the instant case. Ohio law does not make a prior criminal conviction conclusive evidence of the facts determined in that action. *See Phillips v. Rayburn,* 113 Ohio App.3d 374, 379 n. 1, 680 N.E.2d 1279, 1282 n. 1 (1996). Rather, Ohio law requires mutuality of parties as a prerequisite to collateral estoppel. *See id.* at 380, 680 N.E.2d at 1283. The criminal conviction serves as evidence of the facts at issue here, however, it is not conclusive evidence. *See Culberson v. Doan,* 72 F.Supp.2d 865, 870–71 (S.D.Ohio 1999); *Phillips,* 113 Ohio App.3d at 381, 680 N.E.2d at 1284 ("Thus, the conviction may be admitted into evidence and accorded whatever weight the fact finder deems appropriate.").

 Without more evidence to show an absence of genuine issues of material fact than just the criminal conviction, the plaintiff's motion for summary judgment on this issue fails. Because the conviction is not conclusive evidence of the facts in dispute, and summary judgment is appropriate only when no genuine issues of material fact exist for trial, the Court denies Plaintiff Bukowski's summary judgment motion as to the claim set forth in her complaint.

### IV. Conclusion

Defendant Hall's counterclaim fails as a matter of law, therefore, the Court grants Plaintiff Bukowski's summary judgment motion on that issue. However, the Court finds that the plaintiff did not prove an absence of genuine issues of material fact as to the claim set forth in her complaint. Therefore, the Court denies the plaintiff's summary judgment motion as to that claim.

IT IS SO ORDERED.