OPINION
{¶ 1} Plaintiff-appellant, James M. McWeeney, M.D., appeals from a decision of the Warren County Common Pleas Court rendering summary judgment against him with respect to his defamation claim against defendants-appellees, Michael Dulan, M.D., and the Middletown Regional Hospital ("MRH").
 {¶ 2} McWeeney is a physician who has maintained a family practice in Lebanon, Ohio since 1989. He is also the owner of a nightclub/bar in Lebanon called "Doc's Smoke Shoppe," which has been in existence since 1995. Doc's Smoke Shoppe has a gift shop where McWeeney sells cigars and, in the past, foreign-brand (but not American-brand) cigarettes. McWeeney does not smoke cigarettes himself, but he does occasionally smoke cigars.
 {¶ 3} Dulan and his wife, Rosalind Moore-Dulan, M.D., joined McWeeney's medical practice in 1998, and the three of them practiced together for more than a year. The Dulans left McWeeney's practice in November 1999, and formed the Dulan 
Moore-Dulan Family Wellness Center. The Dulans obtained funds to run their practice from Southwest Ohio Family Medicine, a corporation formed by Middletown Regional Hospital ("MRH").
 {¶ 4} McWeeney alleges that following the dissolution of their professional association, Dulan took steps to undermine his practice and reputation. Specifically, he alleges that, among other things, Dulan began soliciting his patients, and falsely telling them he was going out of business.
 {¶ 5} In the summer of 2001, Dulan created and distributed a poster advertising a smoking-cessation program he planned to conduct at the YMCA in Lebanon. The poster contained a computer-generated "clip art" cartoon of a cross-eyed man with dark circles around his eyes, smoking eight cigarettes at once, surrounded by clouds of smoke, with hand-written lettering asking, "Want to Quit?" appearing immediately above his head. Directly underneath the cartoon is the following text:
 {¶ 6} "Welcome to Doc's Stop Smoking Shoppe
 {¶ 7} "Smoking = Cancer = Slow Painful Death
 {¶ 8} "Learn how to stop smoking and live a healthy
{¶ 9} "smoke free life
 {¶ 10} "Countryside YMCA George Henkle Board Rm
 {¶ 11} "July 24, 2001 at 7:00 pm
 {¶ 12} "Presented by Healthwise[1] and The Dulan and Moore Dulan Family Wellness Center[.]" (Emphasis sic.)
 {¶ 13} The posters were distributed at various pharmacies around Lebanon, and Dulan himself displayed a stack of them at his office. Upon seeing one, McWeeney believed the poster to be a personal and professional attack upon him by Dulan. He faxed the poster to his attorney, who, in turn, contacted MRH. MRH ordered Dulan to take down the posters.
 {¶ 14} On March 12, 2002, McWeeney filed a complaint against Dulan and MRH, raising claims against them for defamation, tortious business interference and malicious injury to business reputation. After filing answers to McWeeney's complaint, Dulan and MRH moved for summary judgment, and McWeeney moved for partial summary judgment. On January 30, 2003, the trial court issued a decision granting summary judgment in favor of Dulan and MRH, as to all of McWeeney's claims.
 {¶ 15} McWeeney now appeals from the trial court's decision and raises two assignments of error.
 {¶ 16} Assignment of Error No. 1:
 {¶ 17} "The trial court erred in granting appellee Dulan's motion for summary judgment under Civ.R. 56."
 {¶ 18} McWeeney argues that the trial court erred by rendering summary judgment against him on his common law defamation claim[2] because he presented sufficient evidence showing the existence of a genuine issue of material fact with respect to each of the material elements of that claim.
 {¶ 19} A trial court may award summary judgment to a party pursuant to Civ.R. 56(C) if: "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. WeanUnited, Inc. (1977), 50 Ohio St.2d 317, 327. "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Dresher v. Burt, 75 Ohio St.3d 280, 293,1996-Ohio-107. Once the moving party satisfies its initial burden, the nonmoving party has the burden "to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Id.
 {¶ 20} The essential elements of a common law defamation action are:
 {¶ 21} "`(a) a false and defamatory statement concerning another;
 {¶ 22} "`(b) an unprivileged publication to a third party;
 {¶ 23} "`(c) fault amounting at least to negligence on the part of the publisher; and
 {¶ 24} "`(d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.'" Akron-Canton Waste Oil, Inc. v.Safety-Kleen Oil Serv., Inc. (1992), 81 Ohio App.3d 591, 601, quoting 3 Restatement of the Law 2d, Torts (1977) 155, Section 558.
 {¶ 25} The trial court rendered summary judgment against McWeeney on his defamation claim essentially after finding that he had failed to demonstrate the existence of a genuine issue of material fact as to whether the poster in question was false and defamatory, and after concluding, as a matter of law, that it was not. McWeeney argues that the poster is false and defamatory because it "falsely identifies him with the habit of smoking and promoting smoking." He further asserts that "[t]he poster identifies [him] and his establishment, `Doc's Smoke Shoppe,' by using a play on words — `Doc's Stop Smoking Shoppe' — thereby suggesting [that he] and his business promote smoking, promote a habit, promote disease, and promote illness, all of which is false, and particularly damning for a physician whose entire mission is healing, and whose professional image requires that he inspire the confidence of his patients. He concludes by arguing that "[t]he poster falsely suggests that [he] is associated with smoking, cancer, death, and infers that he promotes these things; it contains his name, a false caricature of him with eight cigarettes in his mouth (Dr. McWeeney does not smoke cigarettes), and suggests that he is responsible for people suffering a slow, painful death."
 {¶ 26} A statement is false and defamatory if it is directed against an individual with an intent to injure his reputation or to expose him to public hatred, contempt, ridicule, shame, or disgrace or to affect him injuriously in his trade, business or profession. See Robb v. Lincoln Publishing (Ohio), Inc. (1996),114 Ohio App.3d 595, 616.
 {¶ 27} In this case, the poster created and distributed by Dulan does not amount to actionable defamation. Dulan's poster arguably takes a dig at McWeeney's ownership of an establishment where cigarettes and other tobacco products have been sold in the past. Nevertheless, the alleged depiction of McWeeney is a cartoon. As one scholar has stated,
 {¶ 28} "Since cartoons, unlike photographs, are almost always `false' in the limited sense that they intentionally distort and elaborate on reality, they do carry with them the inherent threat of libel litigation. The protection that cartoons receive, however, is extremely high, almost to the point of absolute immunity, not so much because they are incapable of being defamatory as that no reasonable reader will normally understand them as anything but hyberbole and opinion." 1 Smolla, Law of Defamation (2nd Ed. 2003) 4-52, Section 4:33.
 {¶ 29} Here, no reasonable person who saw the cartoon in the poster, assuming they did consider it to be a caricature of McWeeney, would have understood it as being anything other than hyperbole and opinion. In particular, no reasonable reader or viewer of the poster would interpret the cartoon as suggesting that McWeeney or his nightclub/bar promote addiction, disease and illness, as McWeeney suggests. As to McWeeney's suggestion that the poster "falsely identifies him with the habit of smoking and promoting smoking," it must be noted that while McWeeney insisted in his deposition that he did not smoke cigarettes, he also acknowledged that he occasionally smokes cigars, has sold cigars and novelty (i.e., foreign-brand) cigarettes at Doc's Smoke Shoppe, believes that one need not lead an absolutely smoke-free life in order to be healthy, and has even said it was acceptable for persons to smoke a cigarette occasionally. Thus, to the extent the poster identifies McWeeney "with the habit of smoking and promoting smoking," it is "substantially true," and, for that reason, cannot be deemed defamatory. See Bruss v. VindicatorPrinting Co. (1996), 109 Ohio App.3d 396, 400, quoting Natl.Medic Serv. Corp. v. E.W. Scripps Co. (1989),61 Ohio App.3d 752, 755, quoting Prosser, Law of Torts (4th Ed. 1971), 798-799 (in defending against defamation action, it suffices to show imputation is "substantially true" to justify "gist" or "sting" of alleged defamation).
 {¶ 30} In light of the foregoing, the trial court did not err in granting Dulan summary judgment on McWeeney's defamation claim.
 {¶ 31} McWeeney's first assignment of error is overruled.
 {¶ 32} Assignment of Error No. 2:
 {¶ 33} "The trial court erred in granting MRH's motion for summary judgment under Civ.R. 56."
 {¶ 34} McWeeney argues that MRH, as Dulan's employer, is liable to it for Dulan's allegedly defamatory poster under the doctrine of respondeat superior, and, therefore, the trial court erred in granting summary judgment to MRH on this issue. However, because we have found that the trial court properly awarded Dulan summary judgment on McWeeney's defamation claim, McWeeney's attempt to hold MRH liable for Dulan's actions under the doctrine of respondeat superior must fail.
 {¶ 35} McWeeney's second assignment of error is overruled.
 {¶ 36} The trial court's judgment is affirmed.
Young, P.J., and Powell, J., concur.
[1] "Healthwise" is a division of MRH, which sponsors health and wellness programs in coordination with physicians.
[2] McWeeney does not challenge the trial court's decision to grant summary judgment to Dulan and MRH on his claims for tortious business interference and malicious injury to business reputation.