HAMILTON v. OHIO STATE BANK &
TRUST CO.

Ohio Appeals, 9th Dist., Summit Co.

No. 1007. Decided June 22, 1925.

147. BILLS & NOTES—Irregular to take judgment against one of the joint makers on a note which was joint in form, and not joint and several.

677. JUDGMENT AND DECREE—Fact that it was taken on cognovit note does not necessarily follow that court could take judicial notice; where original judgment was rendered in another action.

RICHARDS, J.

David Hamilton brought an action in the Summit Common Pleas to vacate a judgment rendered at a prior term of that court against him and in favor of the Ohio State Bank & Trust Co.

When the case came on for trial the Bank objected to the introduction of any evidence and the court sustained the objection and rendered a judgment discussing the petition.

Hamilton prosecuted error and it was contended that at a prior term of the court a judgment was rendered against him for $15,223.30 and costs, that he was not summoned or otherwise legally notified of the filing of the action against him or of the time and place of taking the judgment. He further declared that the note upon which judgment was taken was a joint note signed by him and others, judgment being taken against him only, although one of the other joint makers has its place of business in Akron and another resided in Kent. It was further urged that he signed as surety only, all of which was known by the Bank.

Hamilton's petition averred that judgment was taken upon the note for more than was due and that he is not indebted thereon in any sum whatever and that he has a full and complete defense to the note. Hamilton claims that grounds for vacation are included in terms of 11631 GC. in paragraphs 3 and 9.

Par. 3. "For mistake, neglect, or omission of the clerk, or omission or irregularity in obtaining a judgment or decree."

Par. 9. "For taking judgments upon warrants of attorney for more than was due the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment."

The Court of Appeals held:

1. It seems that the petition contained all the essential averments required by 11631 GC.

2. The promissory note being joint in form and not joint and several, it was irregular to take a judgment against one of the joint signers of the note without bringing the action against all.

3. It was urged that the trial court could take judicial knowledge of the fact that the original judgment was rendered on a cognovit note; but in view of the fact that the original judgment was rendered in another action the claim that the court could take judicial notice of the pleadings in that action is not tenable.

Judgment reversed and cause remanded.

Attorneys—Lee J. Myers for Hamilton; Mather, Nesbitt & Willkie for Bank; all of Akron.