**David KING, Matthew King**

*v.*

**PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY.**

Civ. No. 87–469–D.

United States District Court, D. New Hampshire.

May 9, 1988.

**348**

John Preston Rab, Keene, N.H., for plaintiff.

Robert J. Rabuck, Manchester, N.H., for defendant.

### ORDER

DEVINE, Chief Judge.

Seeking to determine the whereabouts of a quantity of marijuana which had been stolen from them, brothers David and Matthew King, acting in collusion with two police officers, abducted John Murdock, bound him with handcuffs and by other means, ensconced him in the trunk of an automobile, and transported him to various and sundry locales over an approximately twelve-hour period. As a result of these acts, the King brothers were indicted by a New Hampshire grand jury on the charge of kidnapping, New Hampshire Revised Statutes Annotated ("RSA") 633:1 (1986), a Class A felony. In April 1983, both brothers pleaded guilty to the charge of kidnapping and were sentenced to a term of imprisonment.

During the course of Mr. Murdock's odyssey, he was subjected to various indignities and abuses, both physical and mental. Not surprisingly, he brought suit against the King brothers and their cohorts for these travails. In the instant action, the King brothers seek a declaratory judgment[1] that under a homeowners' insurance policy issued by defendant Prudential Property and Casualty Insurance Company ("Prudential"), Prudential is obliged to defend them and to satisfy any judgment or judgments which may be rendered against them as a result of the action.

At bar is Prudential's motion for summary judgment, Rule 56, Fed.R.Civ.P. Prudential argues that its policy does not provide coverage because (1) it is limited to paying for bodily injuries or property damages which are "caused by an occurrence", a term which is defined by the policy as "an accident, including injurious exposure to conditions, which results, during the policy term, in bodily injury or property damage," and (2) it specifically excludes coverage for "bodily injury or property damage which is either expected or intended from the standpoint of the Insured." *See* Defendant's Motion for Summary Judgment ¶¶ 10–11 & attached certified copy of policy at 3, 4.

In resolving the merits of Prudential's motion, although jurisdiction is vested in the Court by way of federal statute, 28 U.S.C. § 2201, the insurance coverage dispute is governed by the law of New Hampshire. *See Great Lakes Container Corp. v. National Union Fire Ins. Co.*, 727 F.2d 30, 31 (1st Cir.1984). Under New Hampshire law, if the allegations of the complaint, standing alone, establish lack of coverage, summary judgment may properly be entered. *Id.* at 32. To determine whether the policy provides coverage, the Court considers the policy "as a whole in light of all the circumstances" and interprets said policy "as a reasonable person in the position of the insured would understand it." *Aetna Ins. Co. v. State Motors, Inc.*, 109 N.H. 120, 125, 244 A.2d 64, 67 (1968).

■ With regard to the instant action, as set forth in the New Hampshire Criminal Code, kidnapping requires intent: to be guilty of kidnapping a person must "knowingly" confine another under his control with an ulterior and unlawful purpose. RSA 633:1, *supra.* "Knowingly" is defined in the Code: "A person acts knowingly with respect to conduct or to a circum-

---

**1.** Jurisdiction is asserted by way of 28 U.S.C. § 2201.

stance that is a material element of an offense when he is aware that his conduct is of such nature or that such circumstances exist." RSA 626:2 II(b) (1986). Because they pleaded guilty to kidnapping, the King brothers are now collaterally estopped in this action from litigating whether their acts were intended. *See Hopps v. Utica Mut. Ins. Co.*, 127 N.H. 508, 511, 506 A.2d 294, 297 (1985) (citing Restatement (Second) of Judgments § 85(2)(a) (1982)); *Glantz v. United States*, 837 F.2d 23, 25 (1st Cir.1988) ("The principle that collateral estoppel precludes raising issues in a civil case already decided in a prior criminal trial has been long established.") (and cases therein cited). At issue is whether the ramifications of the brothers' intentional act of kidnapping are "occurrences" within the terms of the homeowners' policy issued by Prudential, and, as such, not subject to the policy's intentional acts exclusion.

The King brothers argue that because they were not in full control of the situation and did not anticipate *all* of the acts perpetrated upon their captive by those with whom the brothers colluded, Mr. Murdock's injuries should be found to be the result of "unexpected, independent and unforeseen happening[s]" and thus "an accident" and within the terms of the Prudential policy coverage. *See* Objection to Defendant's Motion for Summary Judgment ¶¶ 2–4, 7. This theory runs afoul of a well-established body of law regarding the unforeseen ramifications and consequences of intentional torts.

It is a legal maxim that every act must be judged by the doer's intention—*omne actum ab agentis intentione judicandum.* As the New Hampshire Supreme Court noted in *Derosier v. New England Tel. and Tel. Co.*, 81 N.H. 451, 130 A. 145 (1925):

Causation, as distinguished from duty, is purely a matter of producing a subsequent event. In determining how far the law will trace causation and afford a remedy, the facts as to the defendant's intent, his imputable knowledge, or his justifiable ignorance are often taken into account. The moral element is here the factor that has turned close cases one way or the other. For an intended inju-

ry, the law is astute to discover even very remote causation.

*Id.,* 81 N.H. at 463–64. An insured's intentional act is not an accidental cause of injury "when it is so inherently injurious that it cannot be performed without causing the resulting injury." *Vermont Mut. Ins. Co. v. Malcolm,* 128 N.H. 521, 524, 517 A.2d 800, 802 (1986). Thus, "[i]f the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result." Restatement (Second) of Torts § 8A comment b (1965); W. Keeton, D. Dobbs, R. Keeton, & D. Owen, *Prosser and Keeton on the Law of Torts* [hereinafter *Prosser* ] § 8, at nn. 21–25 and accompanying text (5th ed. 1984). In this consideration, an objective standard is used. That is, the Court does not look to the actor's subjective intent that the result in question occur, but rather, the Court "may infer that the actor's state of mind was the same as a reasonable person's state of mind would have been." *Prosser* § 8, at 35–36.

■ Kidnapping is so inherently injurious, and injury so certain to follow from the act, that unforeseen consequences which transpire in the course of an abduction may not be regarded as accidental. David and Matthew King testified in their depositions to having handcuffed, tied, and bound Mr. Murdock, placed him in the trunk of an automobile, and transported him against his will. These were intentional acts, undertaken with a great probability of harm, and were neither reasonably unforeseen nor accidental; therefore, they may not reasonably be considered to be "occurrences" within the terms of the Prudential homeowners' policy herein at issue. *See* Cross, *Hazardous Waste Insurance Law, the Quest for Coverage,* 28 N.H.B.J. 245, 246–47 & nn. 7–10 (Spring 1987) (and citations therein).

Prudential's motion for summary judgment (document no. 6) is herewith granted. Prudential Property and Casualty Insurance Company has no duty to defend or to provide coverage for David and Matthew

**350**

King in the matter of *John Murdock v. David and Matthew King, et al.*, Civ. No. 86–431–D.

SO ORDERED.