DECISION AND JUDGMENT ENTRY
This is an appeal from two cases in the Adams County Court of Common Pleas which we have consolidated for review. The appellants are teachers who formerly were employed by Defendant-Appellee Adams County/Ohio Valley Local School District Board of Education [hereinafter referred to as the Board]. At the end of the 1997-1998 school year, the Board chose not to renew the contract of either appellant. The appellants separately appealed the Board's decision to the Adams County Court of Common Pleas. The common pleas court dismissed both cases, finding that it did not have jurisdiction because the appellants had failed to exhaust their administrative remedies. The appellants then appealed to this court, raising identical issues and identical arguments. With the agreement of the parties, we sua sponte consolidated the cases for decision on the merits on September 15, 1999.
We affirm the judgment of the court below.
 STATEMENT OF THE CASE 1. Calkins v. Board. Adams App. No. 99CA673
Plaintiff-Appellant Tamara Calkins was employed by the Board as a Spanish teacher. Ms. Calkins began working for the Board in the 1995-1996 school year and continued through the 1997-1998 school year. At the end of the 1997-1998 school year, the Board chose not to renew Ms. Calkins contract.
Ms. Calkins was eligible for continuing service status after the 1996-1997 school year. However, because of some concerns over her classroom performance, she received a one-year extended limited contract for the 1997-1998 school year. The record indicates that Ms. Calkins spoke with the principal at her school on several occasions at the end of the 1996-1997 school year and at the beginning of the 1997-1998 school year to request assistance in improving her teaching. The principal assured Ms. Calkins that he would provide her with some assistance, but she apparently never received any specific recommendations.
The principal at Ms. Calkins' school evaluated her twice during the 1997-1998 school year. He observed Ms. Calkins on two occasions for each evaluation. Pursuant to the requirements of the Collective Bargaining Agreement [hereinafter referred to as the CBA], the principal met with Ms. Calkins and provided her with a written report after three of the observations. Ms. Calkins contends, however, that there was no conference or written report following the first observation of the second evaluation cycle. The principal made several comments on areas where Ms. Calkins needed to improve, but the evaluations were generally positive and the principal indicated that he would recommend her for a continuing contract.
Nevertheless, Ms. Calkins received notice on April 28, 1998, that the Board would not renew her contract for the following school year. In accordance with R.C. 3319.11(G)(1), Ms. Calkins requested a written statement of the reasons that her contract was not being renewed. The Board provided Ms. Calkins with a statement that indicated her contract would not be renewed because she showed poor judgment in permitting some of her students to watch the Jerry Springer Show in class. Ms. Calkins then requested a hearing before the Board, which was held on June 8, 1998. The Board subsequently reaffirmed its decision not to renew Ms. Calkins' contract.
 2. French v. Board. Adams App. No. 99CA674
Plaintiff-Appellant Philip French taught for the Board as a vocation/agricultural teacher beginning in 1995. Mr. French was under a one-year limited contract for the 1997-1998 school year, and he was eligible for a continuing contract beginning in the 1998-1999 school year. However, on April 22, 1998, the Board notified Mr. French that his contract would not be renewed for the following year.
Mr. French demanded a written statement of the reasons that his contract was not being renewed, and on May 5, 1998, the Board sent him a letter stating that it had reached its decision based on a 1996 incident in which he used abusive language in disciplining a group of students. On May 7, 1998, Mr. French made a written demand for a hearing before the Board. The Board held a hearing on June 8, 1998, at which Mr. French argued that he had not been properly evaluated prior to the Board's decision not to renew his contract. On June 22, 1998, the Board notified Mr. French that it had reaffirmed its original decision not to renew his contract.
 3. Calkins French: Court Actions
On July 20, 1998, the appellants filed separate complaints in the Adams County Court of Common Pleas appealing the Board's decision not to renew their contracts. The appellants claimed that the Board failed to comply with the evaluation procedures outlined in the CBA between the Board and the Ohio Valley Education Association [hereinafter referred to as the OVEA], of which the appellants were members. The Board filed for summary judgment, arguing that under the CBA the appellants' proper remedy was to submit their claims to arbitration. With the consent of the appellee, the court allowed the appellants to amend their complaints. Both appellants added claims that the Board violated R.C. 3319.111(B) by failing to follow the CBA's evaluation procedures. The Board renewed its summary judgment motions, again claiming that the appellants' proper remedy was to arbitrate their disputes. The court agreed that the appellants based their claims on alleged violations of the evaluation procedures outlined in the CBA. Since the CBA required binding arbitration of all contractual disputes and the appellants had not submitted their claims to arbitration, the court concluded that it had no jurisdiction to hear either case and granted summary judgment to the appellee in both cases.
Appellants both filed timely notices of appeal from the common pleas court's decision. They present one assignment of error for our review.
ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED IN DETERMINING THAT IT LACKED JURISDICTION TO HEAR PLAINTIFF-APPELLANT'S APPEAL.
 OPINION
The issue in these cases is whether the common pleas court has jurisdiction to hear the appellants' claims under R.C. 3319.11, or whether the CBA requires the appellants to submit their disputes to binding arbitration, thereby depriving the trial court of jurisdiction to hear these matters. Under R.C. 3319.111(G)(7), teachers under limited contracts are entitled to appeal the school board's decision not to renew their contracts to the common pleas court. The court, however, acquires jurisdiction only if the Board has failed to comply with the requirements of R.C. 3319.11 or3319.111. In the instant case, the CBA contains specific grievance procedures that require binding arbitration of all disputes arising under the agreement. However, disputes that do not arise under the CBA cannot be taken to arbitration. Our resolution of this matter rests on a determination of whether the appellants have alleged statutory claims, thereby vesting the court below with jurisdiction to resolve the same, or merely a violation of the CBA, which then requires these claims to be submitted to binding arbitration.
The trial court granted the Board summary judgment after finding that it did not have jurisdiction to hear the cases because the appellants had not exhausted their administrative remedies under the CBA. Summary judgment is appropriate when (1) there is no genuine issue of material fact to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) construing the evidence most strongly in favor of the party against whom the motion for summary judgment is made, reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Civ.R. 56(C). On an appeal from a motion for summary judgment, we conduct a de novo review of the trial court's decision. Phillips v.Raybaum (1996), 113 Ohio App.3d 374, 680 N.E.2d 1279.
Ohio law recognizes two basic types of teacher contracts and imposes specific requirements for the renewal and non-renewal of those contracts. The first type of contract is a limited contract, which may be granted to a teacher for a period of five years or less. R.C. 3319.08(A)(3). Teachers who meet certain licensure or certification requirements may receive a continuing contract, which is of indefinite duration. R.C. 3319.08(B). If a teacher under a limited contract is eligible for a continuing contract and the school board does not intend to renew that teacher's contract, the board must comply with specific procedural requirements. Under R.C.3319.11, the board must evaluate the teacher in accordance with R.C3319.111, and it must notify the teacher of its intention not to renew his or her contract prior to April 30 of the appropriate year.
Once the school board notifies a teacher that it intends not to renew his or her contract, the teacher is entitled, upon written demand, to receive a written statement of the circumstances leading to the decision and a hearing before the school board. R.C.3319.11(G). After the hearing, the board may affirm its decision not to renew the teacher's contract, or it may decide to offer the teacher another contract. If the board affirms its original decision, the teacher is entitled to appeal the board's ruling to the common pleas court. R.C. 3319.11(G)(7). In reviewing the school board's decision, the common pleas court may only consider whether the board complied with R.C. 3319.11 and 3319.111. The court is generally limited to ordering the board to correct procedural defects, although it may order the teacher reinstated if the board failed to give notice of its decision before April 30, or if it failed to comply with the evaluation procedures of R.C. 3319.111(A). The Supreme Court of Ohio has held that R.C. 3319.111(A) includes all of the requirements outlined in subsection (B). Farmer v. Kelleys Island Bd.of Edn. (1994), 69 Ohio St.3d 156, 630 N.E.2d 721, paragraph two of the syllabus.
The minimum requirements for teacher evaluations are outlined in R.C. 3319.111, which requires two evaluation cycles throughout the year. Under R.C. 3319.111(B), school districts must develop evaluation procedures that meet certain minimum standards, including two observations of at least thirty minutes each during each evaluation cycle. R.C. 3319.111(B)(2). At the conclusion of each evaluation cycle, the board must provide the teacher with a written report that describes the results of the evaluation and provides specific recommendations for improving the teacher's performance. R.C. 3319.111(B)(3). In addition, the report must include suggestions for how the teacher can obtain assistance in improving his or her performance.
The Supreme Court of Ohio has held that R.C. 3319.11 and 3319.111
are teacher protection statutes that must be strictly construed in favor of teachers. Naylor v. Cardinal Local School Dist. Bd. of Edn.
(1994), 69 Ohio St.3d 162, 630 N.E.2d 725, paragraph one of the syllabus. Under R.C. 3319.11(G)(7), a court cannot reinstate a teacher on the basis that the school board's action is not warranted by the results of any evaluation or that the reason given for the decision is not adequate. However, a teacher must be reinstated if the school board does not strictly comply with the R.C. 3319.111
evaluation procedures, even if the board's decision was not based on the results of the evaluation. See Snyder v. Mendon-Union Dist. Bd.of Edn. (1996), 75 Ohio St.3d 69, 661 N.E.2d 717 (teacher who was not observed for thirty minutes ordered reinstated even though evaluation was positive and unrelated to reason for board's decision not to renew contract).
The difficulty in the cases at bar arises from the interaction between the non-renewal and evaluation procedures of R.C. 3319.11 and3319.111 and the right of public employers and employees to enter into collective bargaining agreements under R.C. 4117.10. With certain limited exceptions, R.C. 4117.10 permits public employers and employees to enter into collective bargaining agreements that control all of the terms and conditions of public employment. Although R.C.3319.111 is not among the exceptions to R.C. 4117.10 and is, therefore, subject to collective bargaining, the Naylor court held that a collective bargaining agreement must specifically state that it supersedes this statute in order to impose different evaluation procedures.
In the instant cases, the CBA between the Board and the OVEA generally adopts the R.C. 3319.111 evaluation procedures, except that it alters the evaluation timeline and imposes additional procedural requirements on the Board. Specifically, the CBA requires that the teacher being evaluated receive a conference and a written summary after each observation, while R.C. 3319.111(B) only requires a written report at the conclusion of each evaluation cycle. Also, the CBA specifically provides that its provisions apply over any conflicting provisions in R.C. 3319.111.[1]
Appellants both claim that they did not receive a conference or a report following the first observation of the second evaluation cycle during the 1997-1998 school year. This argument rests entirely upon procedures created by the CBA that exceed the statutory requirements. Appellants do not allege that the Board violated any of the evaluation procedures specifically outlined in R.C. 3319.111. However, the appellants raise two arguments in support of their contention that the common pleas court has jurisdiction to hear this case, even though their claims rest upon alleged violations of the CBA's evaluation procedures that exceed the statutory requirements. According to the appellants, the CBA itself provides for an appeal to the common pleas court from a decision by the Board not to renew a teacher's contract. Also, the appellants argue that the Board violated R.C. 3319.111(B) by failing to follow its own evaluation procedures.
The appellants' first argument is based on Article V, Section 5.8.2 of the CBA, which states that "[t]eachers on limited contracts * * * may be non-renewed by the Board in the manner set forth in 3319.11
[sic] of the Ohio Revised Code." Under R.C. 3319.11(G), a teacher whose contract is not being renewed by the school board has the right to a written statement of the circumstances surrounding the board's decision, a hearing before the board, and an appeal to the common pleas court. Appellants argue that Section 5.8.2 of the CBA adopts R.C. 3319.11 in its entirety, including the teacher's right to appeal to the common pleas court under R.C. 3319.11(G)(7). In response, the Board argues that Section 5.8.2 only refers to procedures for the non-renewal of teacher contracts. The Board claims that the "process of non-renewal" is complete when the board makes its final decision and does not include an appeal from the board's decision. Therefore, according to the Board, Section 5.8.2 adopts all of R.C. 3319.11(G) except for the right to appeal to the common pleas court under division (7).
Assuming, arguendo, that the Board and the OVEA intended to incorporate all of R.C. 3319.11(G) into the CBA, this is insufficient to vest the court below with jurisdiction to hear a claim that is based entirely on an alleged violation of the agreement. While R.C.3319.11 is primarily a teacher protection statute, it also protects a school board's discretion over whether or not to enter into continuing contracts with teachers. So long as it strictly complies with the procedural requirements of R.C. 3319.11 and 3319.111, a school board has discretion to decide not to renew a teacher under a limited contract regardless of its reason for doing so. See R.C.3319.11(G)(7). To protect the school board's discretion, the General Assembly limited the jurisdiction of the common pleas court to hearing cases involving violations of R.C. 3319.11 and 3319.111. The parties to a collective bargaining agreement could hypothetically establish evaluation procedures that supersede R.C. 3319.111 and agree to litigate disputes involving those procedures in a court of law. In accordance with Naylor, supra, however, we find that a collective bargaining agreement must specifically override the jurisdictional limitations of R.C 3319.11(G)(7) in order for the common pleas court to review a school board's decision not to renew a teacher's contract based on an alleged violation of the agreement. In the instant case, the CBA does not specifically provide that disputes involving the evaluation procedures created by the agreement shall be litigated in court rather than through arbitration. Therefore, we find that appellants must allege a violation of R.C. 3319.11 or3319.111 in order for the court below to have jurisdiction to hear their claims.
The appellants also argue that the Board's failure to comply with the evaluation procedures contained in the CBA is a violation of R.C.3319.111, which gives the common pleas court jurisdiction to hear these cases. This argument is based on R.C. 3319.111(B), which requires school boards to adopt their own evaluation procedures that meet certain minimum requirements and apply those procedures every time they evaluate a teacher. In response, the Board concedes that it is required to adopt and apply its own evaluation procedures but argues that nothing requires it to apply those procedures correctly.
We are not persuaded that the appellants' argument is appropriate in the instant cases. While R.C. 3319.11(G)(7) restricts the jurisdiction of the common pleas court to a review of whether the school board violated its duties under R.C. 3319.11 or 3319.111, one of the duties imposed by R.C. 3319.111(B) is the duty to adopt and apply specific evaluation procedures that meet certain minimum standards. The appellants argue that the Board's failure to apply the evaluation procedures outlined in the CBA is a violation of R.C.3319.111(B). The appellants' argument is misplaced, however, because the issue in the instant appeal is not the actual dispute between the parties, i.e. whether the Board properly evaluated the appellants, but rather the proper forum for litigating that dispute.
The Twelfth Appellate District decided a case similar to the cases at bar in Galat v. Hamilton City School Dist. Bd. of Edn. (Oct. 26, 1998), Butler App. No. CA98-01-017, unreported. Galat involved a collective bargaining agreement that created evaluation procedures similar to those in R.C. 3319.111. Like R.C. 3319.111, the agreement required two evaluations of teachers under limited contracts. However, the agreement required only one observation during the second evaluation cycle. When the school board decided not to renew the contract of Joseph Galat, a teacher under a limited contract, Galat appealed the decision to the common pleas court. The common pleas court dismissed the case for lack of jurisdiction, and Galat appealed. Galat raised both statutory and contractual claims, arguing that the procedures contained in the collective bargaining agreement did not meet the minimum requirements of R.C. 3319.111 and that he had not received a "listing of means/resources for correction of deficiencies" as required by the agreement.
The court of appeals affirmed the decision of the common pleas court, holding that the collective bargaining agreement superseded R.C. 3319.111 and that Galat's claim under the agreement itself was subject to binding arbitration. The collective bargaining agreement contained a general clause stating that the provisions of the agreement superseded any conflicting provisions of the Revised Code. Although this clause did not specifically refer to R.C. 3319.111, theGalat court found that the evaluation procedures in the collective bargaining agreement superseded the statute.[2] Since the agreement's evaluation procedures superseded R.C. 3319.111, Galat was left without a statutory argument. The court held that Galat's claims under the collective bargaining agreement were subject to the agreement's binding arbitration clause. Since Galat had not exhausted his administrative remedies by arbitrating his claim, the court held that the common pleas court had no jurisdiction to hear the case.
We agree with the position of the Galat court that disputes involving evaluation procedures imposed by a collective bargaining agreement are subject to any arbitration clause contained in the agreement. In R.C. 3319.11 and 3319.111, the General Assembly has expressed a strong public policy in favor of providing procedural safeguards for teachers under limited contracts. In R.C. 4117.10, the General Assembly has also expressed a strong public policy in favor of public employers and employees engaging in collective bargaining. As part of that policy, parties to a collective bargaining agreement must abide by any arbitration clause contained in the agreement. In the instant case, the Board has not unilaterally adopted evaluation procedures pursuant to R.C. 3319.111(B). Rather, the board and the OVEA entered into a CBA that imposed evaluation procedures exceeding the statutory requirements and which also provided that disputes under the agreement would be submitted to arbitration.
The appellants' claims rest upon alleged violations of evaluation procedures that are entirely a creature of the CBA. Resolution of the appellants' claims rests upon an interpretation of the CBA and not on the application of R.C. 3319.111. Under these circumstances, we find that R.C. 4117.10 requires the appellants to adhere to the CBA's grievance procedure and submit their claims to arbitration as outlined in that agreement. Accordingly, we find that the court below correctly decided that the appellants were required to exhaust their administrative remedies before the court of common pleas could exercise jurisdiction to hear their claims.
The appellants' sole assignment of error is OVERRULED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and appellee recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for these appeals.
It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.
Harsha, J., and Abele, J.: Concur in Judgment Only.
 ____________________________ David T. Evans, Judge
[1] The CBA itself states, "Provisions of this contract shall supersede relevant provisions of ORC 3319.11." The parties have stipulated that the reference to R.C. 3319.11 is a typographical error and the CBA should refer to R.C. 3319.111.
[2] We express no opinion as to this portion of the Galat decision as the CBA in the instant case does specifically refer to R.C.3319.111 in stating that the evaluation procedures of the CBA supersede those of the statute.