[Cite as *Davis v. Haas*, 2011-Ohio-5201.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

TRACY B. DAVIS, SR.                     :

    Plaintiff-Appellant              :          C.A. CASE NO.    24506

v.                                      :          T.C. NO.    09CV9060

JOSHUA G. HAAS, et al.                  :          (Civil appeal from
                                                   Common Pleas Court)
    Defendant-Appellee               :

                                        :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____7th____ day of ____October____, 2011.

. . . . . . . . . .

TRACY B. DAVIS, SR., #599-601, Chillicothe Correctional Institution, P. O. Box 5500, Chillicothe, Ohio 45601
    Plaintiff-Appellant

VICTORIA E. WATSON, Atty. Reg. No. 0061406, Assistant Prosecuting Attorney, Civil Division, 301 W. Third Street, 4th Floor, Dayton, Ohio 45422
    Attorney for Defendant-Appellee

. . . . . . . . . .

FROELICH, J.

{¶ 1} Tracy B. Davis, Sr. appeals from a judgment of the Montgomery County Court of Common Pleas, which granted Joshua G. Haas's motion for

summary judgment on Davis's claim for a violation of his civil rights.[1]

{¶ 2}   The facts underlying this case, as set forth in Haas's affidavit attached to his motion for summary judgment, are as follows:   Haas is a Montgomery County Sheriff's Deputy.   On November 25, 2007, Haas was on duty and observed Davis operating his mini-van in a suspicious manner in the vicinity of Riverside and Forest Park Drives in Harrison Township.   When Davis quickly parked his car in an apartment parking lot and fled on foot, Haas chased Davis.   After running across Riverside Drive and around some apartment buildings with Haas in pursuit, Davis returned to the mini-van and turned on the engine.   Haas stood on the sidewalk in front of the mini-van, drew his gun, and ordered Davis to get out of the van. Instead, Davis reversed the van, spraying Haas with debris, then quickly pulled forward toward Haas.   Fearing that he would be struck by the vehicle, Haas fired at and wounded Davis.

{¶ 3}   On November 6, 2009, Davis filed a pro se complaint against Haas, claiming that Haas had violated his civil rights.   Davis asserted that he had been unarmed when he was shot, that he had simply been "attempting to leave the residence of a 'friend,'" and that Haas's gunfire had been "unprovoked."   Haas's answer asserted numerous defenses, including res judicata and qualified immunity.

{¶ 4}   On August 27, 2010, Davis filed a motion for summary judgment in which he claimed that Haas "attempted to kill" him and "was motivated by racism" with respect to the November 25, 2007, incident.   He further asserted that Haas

---

[1] Although the caption of Davis's complaint lists "Joshua G. Haas, et. al," and he repeatedly refers to "the defendants" in his brief, no other defendants were named.

had "attempted to cover-up material facts involved in the case" and that Davis's own actions were "in self defense, or fear for his safety." Davis alleged that the evidence "will *** show, that not only was plaintiff ever [sic] convicted of any crime associated with the encounter with [Haas]", but it would also show that Haas, "using [his] possition [sic] in society, or employment attempted to murder [Davis] in cold blood" and to cover up that crime. Davis attached to his motion his own affidavit and a ballistics report prepared by David E. Balash, a purported expert upon whose opinions Davis had sought to rely in other court proceedings.

{¶ 5} On September 30, 2010, Haas filed a motion for summary judgment. In his motion, Haas asserted that Davis had been convicted of "several crimes" related to their 2007 encounter. Haas argued that, under the authority of *Heck v. Humphrey* (1994), 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383, Davis could not advance civil claims that "would necessarily imply the invalidity" of his prior conviction.[2] Haas attached the following documents to his motion for summary judgment: his own affidavit, recounting the events of November 25, 2007; 2) an Amended Termination Entry, dated January 25, 2010, which reflected Davis's conviction (by a jury) of Tampering with Evidence and Intimidation of a Crime Victim/Attorney and another conviction (on his no contest plea) of Intimidation; and 3) a copy of a "Waivers and Plea(s)" form in the same criminal case, dated January 21, 2010, reflecting Davis's no contest plea to a charge of Intimidation of a Public

---

[2]In his motion, Haas also argued that there had been no constitutional violation to support an action under Section 1983, Title 42, U.S.Code and that he was entitled to qualified immunity. Because it found *Humphrey* to be dispositive, the trial court did not address Haas's other arguments.

Servant.

{¶ 6}   The trial court overruled Davis's motion for summary judgment and granted Haas's motion.   In granting Haas's motion for summary judgment, the trial court stated that "[Davis's] Intimidation conviction is a result of the same incident upon which [his] civil action for excessive force is based."

{¶ 7}   Davis appeals, pro se, raising one assignment of error.   Davis claims that the trial court "violated his statutory, and constitutional rights to due process and equal protection of the law *** when the trial court improperly used evidence outside the scope of Civil Rule 56(C) in order to grant Defendant summary judgment, which was an abuse of the court's discretion to take judicial notice of another proceeding."

{¶ 8}   Our review of the trial court's decision to grant summary judgment is de novo.   *Helton v. Scioto Cty. Bd. of Commrs.* (1997), 123 Ohio App.3d 158, 162.  Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made*.   State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183, 1997-Ohio-221.

{¶ 9}   Although Davis characterizes the trial court's error, in part, as "tak[ing] judicial notice of another proceeding," there is no indication in the record that the trial court looked beyond the Amended Termination Entry and Waiver and Plea(s)

Form in granting Haas's motion for summary judgment.[3] The trial court did not state that it was taking judicial notice of other documents related to Davis's conviction.

{¶ 10} Haas's summary judgment motion asserted, in part, that Davis could not bring a civil action alleging excessive force based on events that were "inextricably intertwined" with Davis's own conviction for a criminal offense. The trial court agreed. Relying on *Humphrey,* 512 U.S. 477, and *Cummings v. Akron* (C.A.6, 2005), 418 F.3d 676, the trial court reasoned:

{¶ 11} "The case of *Heck v. Humphrey* provides that 'unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus,' a prisoner has no cause of action under [42 U.S.Code] §1983. *** In short, '*Heck* bars §1983 plaintiffs from advancing claims that, if successful, "would necessarily imply the invalidity" of a prior conviction or sentence.' ***

{¶ 12} "A finding that Defendant used excessive force in trying to apprehend Plaintiff, and that Plaintiff's civil rights were violated, would imply that Plaintiff's criminal conviction was improper. *** The Sixth Circuit in *Cummings* explained that where the struggle between an officer and a suspect gives rise to both a criminal

---

[3] In overruling Davis's motion for summary judgment, the trial court did expressly refer to the findings of another judge on the Montgomery County Court of Common Pleas with respect to the accuracy and reliability of David E. Balash's ballistic report, upon which Davis sought to rely in support of his motion for summary judgment. (The court also noted that Balash's report had not been properly authenticated.) Nonetheless, the record does not provide any indication that the trial court looked at evidence outside the record of this case in determining that Davis had been convicted of Intimidation based on the events of November 25, 2007.

proceeding and civil claims, they are 'inextricably intertwined,' and a judgment against an officer in a civil proceeding finding excessive force would 'necessarily invalidate' a suspect's criminal conviction for assault.   ***   This case presents that exact scenario: Plaintiff's Intimidation conviction is a result of the same incident upon which Plaintiff's civil action for excess force is based.

{¶ 13} "*** Plaintiff could have raised excessive force as a defense to his intimidation charge.   He chose to plead no contest instead.   *** A finding that Defendant acted excessively would undermine Plaintiff's conviction that is inextricably intertwined with the instant case.   Therefore, there are no genuine issues of material fact, reasonable minds can come to but one conclusion, and that conclusion is adverse to the Plaintiff."

{¶ 14} The trial court correctly set forth the holdings in *Humphrey* and *Cummings*, and Davis does not challenge the court's interpretation of those cases. Davis does assert, however, that the evidence offered in support of Haas's motion for summary judgment did not properly establish that Davis had been convicted of Intimidation based on the same underlying facts.   Davis also claims that, insofar as proper evidence of the conviction was not before the court, the trial court erred in taking judicial notice of his conviction in another case.

{¶ 15} Civ.R. 56(C) lists the types of documentary evidence admissible in summary judgment proceedings:

{¶ 16} "*** Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. ***"

{¶ 17} Evid.R. 201(B), relating to judicial notice, provides:

{¶ 18} "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

{¶ 19} "Whether a party had been convicted of a relevant offense in a prior proceeding before the trial court would, of course, be a matter of record. However, it is well established in Ohio that trial courts may not take judicial notice of their own proceedings in other cases even when the cases involve the same parties. *State ex rel. Crow v. Weygandt* (1959), 170 Ohio St. 81, ***; *Myers v. State* (1889), 46 Ohio St. 473, ***; *Diversified Mtge. Investors, Inc. v. Bd. of Revision* (1982), 7 Ohio App.3d 157, ***; *Hamilton v. Ohio State Bank & Trust Co.* (1925), 20 Ohio App. 493; *Kerns v. Mansfield* (Dec. 15, 1989), Logan App. No. 887-20, unreported, ***. Therefore, even if we were to assume that the court in the case *sub judice* intended to take judicial notice of appellant's [prior] conviction, it would have been error for the court to do so." *Phillips v. Rayburn* (1996), 113 Ohio App.3d 374, 379. fn. 1, citing *State v. Bialek* (Feb. 17, 1992), Montgomery App. No. 12323. See, also, *Davenport v. Big Brothers & Big Sisters of Greater Miami Valley, Inc.,* Montgomery App. No. 23659, 2010-Ohio-2503, ¶24 (holding that a court may take judicial notice of the record and proceedings in the case before it, but may not take judicial notice

of prior proceedings in another case, even one involving the same parties and subject matter); *North Point Properties, Inc. v. Petticord*, Cuyahoga App. No. 90824, 2008-Ohio-5996, ¶16 ("A trial court 'may only take judicial notice of prior proceedings in the immediate case.'")

{¶ 20} "The rationale for these holdings is that when judicial notice is taken of prior proceedings, such prior proceedings are not part of the record as defined in App.R. 9, and whether the trial court correctly interpreted such prior proceedings is not reviewable by the appellate court. *Accord v. Accord* (Apr. 22, 1981), Pike App. No. 329, unreported." *Phillips*, 113 Ohio App.3d at 379., fn. 1.

{¶ 21} In order to rely on a judgment from a prior criminal proceeding, the trial court must be provided with evidence of the conviction in accordance with Civ.R. 56(C), such as a certified copy of the prior entry of conviction or jury verdict or an affidavit that incorporates the judgment entry. Id. at 378, citing *Biskupich v. Westbay Manor Nursing Home* (1986), 33 Ohio App.3d 220 (additional citations omitted); *Rollins v. Wayne* (June 2, 1998), Muskingum App. No. CT97-0031.

{¶ 22} In this case, Haas attached two documents to his motion for summary judgment to demonstrate Davis's prior conviction of a criminal offense arising out of the events which also gave rise to Davis's civil claim: a copy of an Amended Termination Entry and a copy of a "Waivers and Plea(s)" form. Neither document was a certified copy. The Amended Termination Entry, dated January 25, 2010, reflected that Davis had been convicted by a jury of two offenses, one count of Tampering with Evidence and one count of Intimidation of a Crime Victim/Witness, and had pled no contest to a third offense, Intimidation. The "Waivers and Plea(s)"

form, dated January 21, 2010, indicated that the count of Intimidation to which Davis pled no contest was, more specifically, Intimidation of a Public Servant, in violation of R.C. 2921.03. Neither of these documents lists the name(s) of the victims of Intimidation or the dates of the offenses.

{¶ 23} The trial court could not have concluded, based on the documents attached to the summary judgment motion, that "Plaintiff's Intimidation conviction is a result of the same incident upon which Plaintiff's civil action for excessive force is based." The documents, as submitted, are not the types of documentary evidence that can be considered under Civ.R. 56(C) for purposes of summary judgment, and they do not establish that the offense of which Davis was convicted involved Haas. Although the trial court might have obtained additional facts tying the prior convictions to the civil action if it had reviewed the record of the criminal case, it was not permitted to do so. See *Phillips*, 113 Ohio App.3d at 379. And, as we noted above, the record does not establish that the trial court looked beyond the documents presented in concluding that Davis's conviction for Intimidation involved the same underlying events as his civil action. However, based on the evidence submitted in support of Haas's motion for summary judgment (some of which did not comply with Civ.R. 56(C)), the trial court erred in granting summary judgment in favor of Haas.

{¶ 24} In so holding, we do not suggest that the trial court erred in interpreting the law set forth in *Humphrey* and *Cummings*. If Haas can properly document his claim that Davis has been convicted of an offense which is inextricably intertwined with the events which form the basis of Davis's civil claim,

Haas may yet be entitled to summary judgment.

**{¶ 25}** The assignment of error is sustained.

**{¶ 26}** The judgment of the trial court will be reversed, and the matter will be remanded for further proceedings.

. . . . . . . . . .

GRADY, P.J. and CANNON, J., concur.

(Hon. Timothy P. Cannon, Eleventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Tracy B. Davis, Sr.
Victoria E. Watson
Hon. Dennis Adkins